Filed 3/4/14  P. v. Holmes CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HAYNON HOLMES,<br><br>    Defendant and Appellant. | 2d Crim. No. B249715<br>(Super. Ct. No. BA398950-01)<br>(Los Angeles County) |

Haynon Holmes appeals a judgment following conviction of infliction of corporal injury upon a cohabitant, with a finding of a prior serious felony strike conviction, and service of a prior prison term.  (Pen. Code, §§ 273.5, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)[1]

We appointed counsel to represent Holmes in this appeal.  After examination of the record, counsel filed an opening brief raising no issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  On December 23, 2013, we advised Holmes that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  On January 16, 2014, we received a response from him contending that sufficient evidence does not support the judgment.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a brief discussion of Holmes's contentions.

[1] All further statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

On August 14, 2012, the Los Angeles County prosecutor charged Holmes with one count of inflicting corporal injury upon a cohabitant, with an allegation of personal infliction of great bodily injury. (§§ 273.5, subd. (a), 12022.7, subd. (e).) The prosecutor also alleged that Holmes served five prior prison terms, suffered a prior serious felony conviction, and suffered three prior serious felony strike convictions. (§§ 667.5, subd. (b), 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

At trial, the prosecutor presented evidence that Holmes and Brenda I. lived together and were engaged to be married. Brenda was partially blind and afflicted with many serious health conditions.

On April 15, 2012, Holmes served time in county jail for a parole violation. When he was released from jail on June 11, 2012, he returned to the apartment that he shared with Brenda. They later consumed some alcohol and argued briefly, after which Holmes repeatedly struck Brenda in the face causing her to lose consciousness.

At trial, Holmes testified that Brenda struck him first and that he responded to protect himself. He stated that he struck Brenda accidentally, "reacting . . . to being attacked by some unknown factor."

Following a court trial, the court found Holmes guilty of inflicting injury upon a cohabitant, but that he did not personally inflict great bodily injury upon Brenda. At the prosecutor's request, Holmes admitted serving two of the five prior prison terms and suffering one of the three prior serious felony strike convictions. The court sentenced Holmes to a nine-year prison term, consisting of an upper four-year term for the offense which it then doubled, and a one-year term for one of the prior prison terms served. The court then struck the remaining prior prison term and strike conviction allegations, imposed various fines and fees, and awarded Holmes 702 days of presentence custody credit.

## DISCUSSION

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the

judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)  Our review is the same in a prosecution primarily resting upon circumstantial evidence.  (*People v. Watkins* (2012) 55 Cal.4th 999, 1020.)  We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)  We accept the logical inferences that the trier of fact might have drawn from the evidence although we would have concluded otherwise.  (*Streeter*, at p. 241.)  "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*Albillar*, at p. 60.)

Sufficient evidence supports the judgment.  Brenda testified that Holmes struck her hard, causing her to fall to the floor, where he continued to strike her.  She stated that he struck her in the face with his closed fist and that she lost consciousness briefly.  Although his trial testimony might support a contrary finding, we do not substitute our view of the evidence for that of the trier of fact.  (*People v. Albillar, supra,* 51 Cal.4th 47, 60.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

3

Anne H. Egerton, Judge

Superior Court County of Los Angeles

_____

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.